### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

HELENE PATRICIA KEANE,
TARA MICHELLE KEANE,
DANIEL DASKALAKIS, and
JASON DASKALAKIS,
    *Plaintiffs*,

v.

BARBARA Q. VELARDE, Chief,
    USCIS Office of Administrative Appeals,
ADAM N. BERGERON, Field Office Director,
    USCIS Providence Field Office,
PHYLLIS COVEN, District Director,
    USCIS New York District Office,
KEN CUCCINELLI, Acting Director,
    U.S. Citizenship and Immigration Services,
    *Defendants.*

No. 3:20-cv-00977 (VAB)

### RULING AND ORDER ON MOTIONS TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE

Helene Patricia Keane, Tara Michelle Keane, Daniel Daskalakis, and Jason Daskalakis ("Plaintiffs") have sued Barbara Q. Velarde, Chief of the U.S. Citizenship and Immigration Services ("USCIS") Office of Administrative Appeals, Adam N. Bergeron, Field Office Director of the USCIS Providence Field Office, Phyllis Coven, District Director of the USCIS New York District Office, and Ken Cuccinelli, Acting Director of USCIS ("Defendants") for a writ of mandamus and declaratory judgment. Compl. for Writ of Mandamus and Decl. J., ECF No. 1 (July 14, 2020) ("Compl."). Specifically, Plaintiffs seek to compel Defendants to issue Certificates of Citizenship to Daniel and Jason Daskalakis under the Immigration and Nationality Act ("INA").

Defendants have moved to dismiss Helene Keane from the suit for lack of standing. *See* Mot. to Dismiss Pl. Helene Keane for Lack of Standing, ECF No. 13 (Sept. 18, 2020); Mem. In

1

Support of Mot. to Dismiss Pl. Helene Keane for Lack of Standing, ECF No. 13-1 (Sept. 18, 2020) ("First Mot. to Dismiss"). They have further moved to dismiss the Complaint as to all Plaintiffs for improper venue, or, in the alternative, to transfer venue. *See* Mot. to Dismiss, or, in the Alternative, to Transfer, ECF No. 14 (Sept. 18, 2021); Mem. Of Law in Support of Defs.' Mot. to Dismiss, or, in the Alternative, to Transfer, ECF No. 14-1 (Sept. 18, 2020) ("Second Mot. to Dismiss").

For the reasons explained below, the Court **GRANTS** the motion to dismiss Helene Keane for lack of standing. The Court **DENIES** the motion to dismiss for improper venue and instead **GRANTS** the motion to transfer the case to the United States District Court for the Southern District of New York ("the Southern District of New York").

## I.      FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Background[1]

Daniel and Jason Daskalakis were born in Athens, Greece to Tara Michelle Keane, who is a United States citizen by birth. Ex. A-1 to Compl., ECF No. 1-1 (July 14, 2020) ("ECF 1-1"); Ex. A-2 to Compl., ECF No. 1-2 (July 14, 2020) ("ECF 1-2"). Daniel was born in 1995 and Jason was born in 1993. ECF 1-1; ECF 1-2.

On August 17, 1998, Tara Keane submitted two applications for naturalization on behalf of her children. Compl. ¶ 12. At the time, both Jason and Daniel were minors under eighteen (18) years of age. *Id.*

---

[1] All factual allegations by Plaintiff in the Complaint are accepted as true for the purposes of this motion. *See* Section II.

On Form N-600A, Tara Keane "utilize[d] the physical presence of her mother, Plaintiff Helene Keane[,]" as permitted under the statute,[2] "[b]ecause [she] did not have the required physical presence . . . ." *Id.* Helene Keane is a United States citizen residing in Connecticut. *Id.* ¶ 1.

Tara Keane submitted the applications with the New York office of the then-Immigration and Naturalization Service ("INS"). *Id.* ¶ 12; ECF 1-1; ECF 1-2.

The INS requested additional information for the applications, and Helene Keane attempted to hand-deliver the requested documentation to the INS office in New York, NY. *Id.* ¶¶ 13–14. INS did not accept the documentation and instructed Helene Keane to mail the documents. *Id.* She did so, through certified mail, on September 10, 2001. *Id.*

On March 5, 2002, the INS Director of the New York City office denied both applications. *Id.* ¶ 16. The Plaintiffs "timely appealed the denials[.]" *Id.* ¶ 17.

Thereafter, the INS failed to act on the appeals for more than ten years, and, on June 11, 2019, Plaintiffs submitted new appeals. *See id.* ¶ 18–19.

 Daniel Daskalakis's appeals were denied because he was no longer a minor. *Id.* ¶ 21. Jason Daskalakis's appeals remain pending. *Id.* ¶ 22.

### B. Procedural Background

On July 14, 2020, Plaintiffs filed a Complaint for a writ of mandamus and declaratory judgment against all Defendants to compel them and those acting under them to issue Certificates of Citizenship to Daniel Daskalakis and Jason Daskalakis. *See* Compl.

---

[2] The relevant statutory framework can be found at 8 U.S.C. § 1433. Under this statute, "[a] parent who is a citizen of the United States . . . may apply for naturalization on behalf of a child born outside of the United States who has not acquired citizenship automatically . . . ." 8 U.S.C. § 1433(a). One of the requirements includes that a child "has a "parent . . . [who] has (or, at the time of his or her death, had) been physically present in the United States or its outlying possessions" for a specified period of time. 8 U.S.C. § 1433(a)(2)(A). A citizen-grandparent may satisfy this requirement as well, if the parent does not have the requisite physical presence. 8 U.S.C. § 1433(a)(2)(B).

On July 29, 2020, Plaintiffs filed a motion to seal exhibits to the Complaint, *see* Mot. to Seal Exs. to Compl., ECF No. 9 (July 29, 2020), which the Court granted, *see* Order Granting Mot. to Seal, ECF No. 11 (Aug. 3, 2020).

On September 18, 2020, Defendants filed a motion to dismiss Helene Keane for lack of standing, *see* First Mot. to Dismiss, and a motion to dismiss the case for improper venue, *see* Second Mot. to Dismiss.

On October 9, 2020, Plaintiffs filed memoranda in opposition to both motions to dismiss. *See* Pls.' Opp'n to Defs.' Mot. to Dismiss Helene Keane for Lack of Standing, ECF No. 15 (Oct. 9, 2020) ("First Opp'n"); Pls.' Opp'n to Defs.' Mot. to Dismiss, or, in the Alternative, to Transfer, ECF No. 16 (Oct. 9, 2020) ("Second Opp'n").

On November 13, 2020, the Parties filed a joint motion for a scheduling order, *see* Joint Mot. for Scheduling Order, ECF No. 18 (Nov. 13, 2020), which the Court granted, *see* Order, ECF No. 19 (Nov. 15, 2020).

On April 8, 2021, Defendants filed an additional motion to dismiss for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction. *See* Mot. to Dismiss, ECF No. 20 (Apr. 8, 2021).

Following a motion by the Parties, *see* Joint Mot. for Am. Scheduling Order, ECF No. 21 (Apr. 8, 2021), the Court extended the deadline for Defendants' response to this additional motion to dismiss until after the Court's ruling on the pending motions to dismiss for improper venue and lack of standing. *See* Order, ECF No. 22 (Apr. 25, 2021).

## II.      STANDARD OF REVIEW

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006) (quoting *Sweet*, 235 F.3d at 83). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint . . ., the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). "A defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### B.  Motion to Dismiss for Improper Venue

"In deciding a Rule 12(b)(3) motion to dismiss based on improper venue, [t]he court must take all allegations in the complaint as true, unless contradicted by the defendants' affidavits, and [w]hen an allegation is so challenged [a] court may examine facts outside the complaint to determine whether venue is proper." *Quinn v. Fishkin*, No. 3:14-cv-1092 (AWT), 2015 WL 4635770, at *3 (D. Conn. Aug. 4, 2015) (internal quotation marks and citation omitted). "[T]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff, who has the burden of showing that venue in the forum is proper." *Id.* (internal quotation marks and citation omitted). "If the venue is not proper, the district court 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Id.* (quoting 28 U.S.C. § 1406(a)). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

## III.   DISCUSSION

### A.  Standing

#### 1.  Helene Keane

Article III of the Constitution limits the jurisdiction of the federal courts to "cases" and "controversies." U.S. Const. art. III § 2. As a result of this limitation, a putative plaintiff in federal court must demonstrate standing to invoke the court's jurisdiction. *See Strubel v. Comenity Bank*, 842 F.3d 181, 187 (2d Cir. 2016). Standing is indicated by the presence of (1) an "injury in fact;" (2) that is "fairly traceable" to a defendant's challenged conduct; and (3) that is "likely… [to] be redress[ed]" by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Where a plaintiff challenges government action taken against another individual, as is the case here, Article III standing is "substantially more difficult to establish." *Demaj v. Zuchowski*, No. 3:15-CV-1652 (RNC), 2017 WL 1246331, at *2 (D. Conn. Mar. 31, 2017) (quoting *Lujan*, 504 U.S. at 562). This is because, in such situations, standing "depends on . . . choices made by independent actors not before the court[]"—in this case, Tara Keane, Jason Daskalakis, and Daniel Daskalakis—whom the Court "cannot presume either to control or to predict." *Id.* The plaintiff thus bears the burden to provide facts "showing that [the] choices of [those independent actors] have been or will be made in such [a] manner as to . . . permit redressability of injury.'" *Id.*

Beyond these constitutional requirements, there are prudential limits to invoking the jurisdiction of the federal courts in cases involving a challenge to a statute or regulation, or allegedly unlawful government action taken under such authority. In these cases, a plaintiff is required to demonstrate that their claim "falls within [the] zone of interests the statute aims to protect or regulate." *Golden Hill Paugussett Tribe of Indians v. Weicker*, 39 F.3d 51, 58 (2d Cir. 1994). In other words, in addition to Article III standing, a plaintiff also must demonstrate statutory or "prudential" standing.

Defendants argue that Helene Keane should be dismissed from this suit because she lacks constitutional and statutory standing. *See* Mot. to Dismiss. To this point, Defendants argue that Plaintiffs have failed to allege an injury-in-fact that will satisfy the constitutional requirements of Article III as to Helene Keane or otherwise establish that she falls within the "zone of interests" of the INA. *See id.*

The Court agrees.

Helene Keane has challenged the denial of citizenship not to herself, but rather to her grandsons. The Complaint, however, fails to set forth facts to support that, even if the requested Certificates of Citizenship were granted, any alleged harm to Helene Keane could be remedied by the Court's order. Although the Complaint alleges that Jason and Daniel Daskalakis "intend to" reside in Connecticut with their mother and grandmother "upon the approval of the naturalization applications", *see* Compl. ¶ 11, the Court cannot presume to control their actions, at least absent further allegations substantiating their future intent or past actions, and the ability of this Court to remedy the alleged harm therefore is merely speculative. This is especially true where the Complaint does not allege where the brothers currently are located or reside, whether abroad or in the United States. *See* Compl. ¶¶ 3, 4; *cf. Adrianza v. Trump*, 505 F. Supp. 3d 164, 171–74 (E.D.N.Y. 2020) (holding that relatives of non-citizen individuals in the United States have standing to bring a constitutional challenge to the removal of their non-citizen relatives from the United States where "[t]here is no dispute . . .  that the [relatives] returned to Mexico" after previously seeking entry to and entering the United States)

Meanwhile, the Complaint does allege that Tara Keane, who is a U.S. citizen, resides outside of the United States in Ireland. *See* Compl. ¶ 2. Notably, however, the Complaint does not contain any factual allegations to support the argument in the pleadings that Tara Keane "is unable to permanently settle in the United States without her children." *See* First Opp'n at 3–4.

Absent such additional factual allegations as to Tara Keane, Jason Daskalakis, and Daniel Daskalakis, any benefit to Helene Keane resulting from a favorable decision remains merely speculative, regardless of whether Helene Keane has alleged a constitutionally sufficient injury-in-fact for Article III standing or falls within the "zone of interests" of the INA. *See Lewis v. Casey*, 518 U.S. 343, 358 (1996) (At the pleading stage, and every other phase of litigation,

Case 3:20-cv-00977-VAB   Document 23   Filed 09/17/21   Page 9 of 12

"each element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." (quoting *Lujan*, 504 U.S. at 561) (alteration in original)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (describing "plausibility standard" in a motion to dismiss); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Helene Keane's alleged injuries therefore are not redressable, and she lacks standing in this matter.

Accordingly, the Court will grant the motion to dismiss Helene Keane.[3]

### 2. Remaining Plaintiffs

Where multiple parties seek the same relief, the Court generally will retain jurisdiction so long as one of the plaintiffs has standing. *Adrianza*, 505 F. Supp. 3d at 172–73 (citing *Town of Chester, N.Y. v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1651 (2017)); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 109 (2d Cir. 2017)). At a minimum, Article III standing exists for Daniel and Jason Daskalakis. *See Pierre v. Holder*, 738 F.3d 39, 47–48 (2d Cir. 2013) (finding standing as to the "injury" of "denial of automatic

---

[3] Notably, Plaintiffs have not argued that third-party standing should save Helene Keane from dismissal. Third-party standing allows for "a prudential exception should exist to the injury-in-fact requirement." *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 109 (2d Cir. 2008). Third-party standing applies "where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." *Id.* (citing, *inter alia*, *Mid–Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 174 (2d Cir. 2005) ("[A] plaintiff seeking third-party standing in federal court must . . . demonstrat[e] a close relation to the injured third party and a hindrance to that party's ability to protect its own interests." (internal quotation marks omitted))). Jason and Daniel Daskalakis are now adults, and no hindrance has been alleged to their ability to challenge the INS decision.

derivative citizenship" for child of a citizen that is "redressable by a favorable decision"). The Court therefore retains jurisdiction over the remaining Plaintiffs.

Accordingly, the Court now addresses other non-jurisdictional challenges brought by Defendants as to the remaining Plaintiffs.

### B. Venue

For suits against an officer, employee, or agency of the United States, or against the United States itself, venue is governed by 28 U.S.C. § 1391(e). Under this statute, venue is appropriate where:

> (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e); *see also Blakely v. Lew*, 607 F. App'x 15, 17 (2d Cir. 2015) ("In performing this analysis, courts must take seriously the adjective substantial and construe venue statute strictly" (internal quotation marks and citation omitted)).

Defendants assert that Helene Keane is the only party residing in Connecticut, and no events giving rise to the claim occurred in Connecticut to render venue appropriate. *See* Second Mot. to Dismiss. Defendants therefore argue that the case should be dismissed for improper venue, or, in the alternative, transferred to either the United States District Court for the District of Rhode Island or the Southern District of New York. *Id.* at 17.

The Court agrees.

Although Tara Keane alleges domicile in the State of Connecticut, *see* Second Opp'n at 3, and provides evidence, including bank accounts, a heating bill, and an absentee ballot request, *see* Ex. A to Pls.' Opp'n to Defs.' Mot. to Dismiss, or, in the Alternative, to Transfer, ECF No. 16-1 (Oct. 9, 2020), this is not dispositive as to where venue should lie. Plaintiffs evidently

10

prefer the District of Connecticut, and "although [c]ourts generally do not disturb a plaintiff's

choice of forum," it is appropriate to do so when "other factors strongly favor transfer." *Allstate*

*Prop. & Cas. Ins. Co. v. Titeflex Corp.*, No. 3:14-CV-945 (MPS), 2015 WL 1825918, at \*4 (D.

Conn. Apr. 22, 2015) (alteration in original) (citing *Labonte v. TD Bank, N.A.*, No. 3:10-CV-

1335 (RNC), 2011 WL 3930296, at \*2 (D. Conn. May 11, 2011)). In particular, a "plaintiff's

choice of forum receives less deference . . . when the locus of operative facts lies elsewhere." *Id.*

(alteration in the original); *see also Charter Oak Fire Ins. Co. v. Broan-Nutone, L.L.C.*, 294 F.

Supp. 2d 218, 220 (D. Conn. 2003) (plaintiff's choice of forum is not controlling where "the only

connection th[e] cause of action has with the state is that the plaintiff resides [t]here").

      The operative facts in this case arise out of the Southern District of New York. Plaintiffs

filed the applications in New York. Compl. ¶ 12–13; ECF No. 1-1; ECF No. 1-2. The

applications then were processed in New York. *See* Compl. ¶ 13. Denials were issued from the

New York office of INS. *See* Ex. C-1 to Compl., ECF No. 1-4 (July 14, 2020), and Ex. C-2 to

Compl. ECF No. 1-5 (July 14, 2020). The administrative appeals also were filed with the INS in

New York. Compl. ¶ 17; Ex. D-1 to Compl., ECF No. 1-6 (July 14, 2020); Ex. D-1 to Compl.,

ECF No. 1-7 (July 14, 2020). As Plaintiffs point out, it is in New York that "Jason Daskalakis's

appeal has been pending for the last 18.5 years." Second Opp'n at 3. On these facts, venue would

have been appropriate in New York, if the case was originally filed there, solely because it is the

location where a "substantial part of the events or omissions giving rise to the claim occurred[.]"

28 U.S.C. § 1391(e).

      Plaintiffs do not allege that transfer of the case to New York will disserve the interests of

justice in any way, for example, because evidence or witnesses would be inconvenienced by or

otherwise unavailable in the alternative districts proposed by Defendants, or that Plaintiffs would

incur costs associated with the change in venue that would be unjust, given the relative means of the parties. *See U.S. Surgical Corp. v. Imagyn Medical Technologies, Inc.*, 25 F. Supp. 2d 40, 45–46 (D. Conn. 1998) (outlining factors courts consider in determining whether transfer is appropriate). Indeed, the Plaintiffs request to transfer the case to the Southern District of New York, if the Court determines that venue is inappropriate in Connecticut. *See* Second Opp'n at 3.

Accordingly, and in the interests of justice, the Court deems it appropriate to transfer venue to the Southern District of New York.

**IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion to dismiss Plaintiff Helene Keane for lack of standing. The Court **DENIES** the motion to dismiss for improper venue and instead **GRANTS** the motion to transfer the case to the Southern District of New York.

The Clerk of Court is respectfully directed to transfer this case to the Southern District of New York, and then to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of September, 2021.

                                    /s/ Victor A. Bolden
                                    Victor A. Bolden
                                    United States District Judge